CIACCIO, Judge.
This is an appeal from a judgment granting a motion for summary judgment in favor of The Equitable Life Assurance Society of the United States (“Equitable”) and dismissing the reconventional demand brought by Herman and Miriam Watsky. We affirm the judgment of the trial court.
On February 12j 1988, Equitable filed a Petition for Possession of Premises and Eviction and Rule to Show Cause seeking to evict Herman and Miriam Watsky from store space the Watskys had leased in Uptown Square in New Orleans which is owned by Equitable. The original contract of lease between these parties was drafted on July 8, 1977 and amended on July 29, 1977. It commenced on November 1, 1977 and ran for period of ten years. The parties on October 26, 1987 entered into a *39 Lease Extension and Modification Agreement which extended the lease for one year, beginning on November 1, 1987.
In its petition, Equitable alleged that Mr. and Mrs. Watsky had failed to pay certain charges for chilled water service which Equitable contended was a part of the Lease Modification agreement between the parties dated October 26, 1987. On March 4, 1988, the Watskys answered this petition denying that they owed these charges, and also filed a reconventional demand against Equitable. The Watskys assert that Equitable’s attempted eviction of them was without merit, and caused them considerable damage to their emotional and mental being and their business reputation. The Watskys contend that the proceedings initiated by Equitable also caused them to suffer a loss in business profits.
With respect to the issues raised in Equitable’s original petition, the matter was submitted on memoranda and the trial court found that the lease agreement between the parties did not specifically provide for the payment of chilled water service, and dismissed Equitable’s petition for possession of premises and eviction. In Equitable Life Assurance Society v. Watsky, 585 So.2d 28 (La.App. 4th Cir.1988) this Court affirmed the findings of the trial court. However, this writer dissented from the majority opinion in that case, finding that a valid interpretation of the Lease Modification document provided for the payment of chilled water service as contended by Equitable.
On the reconventional demand filed by the Watskys, Equitable brought a motion for summary judgment which was granted by the trial court, thereby dismissing the Watskys’ claims. It is from this judgment that the Watskys have perfected this appeal.
The sole issue presented for our review is whether, based on the pleadings and other evidence filed by the parties pursuant to Equitable’s motion for summary judgment, a genuine issue of fact was presented, and whether mover is entitled to a judgment as a matter of law. La.C.C.P. article 966.
On appeal, the Watskys argue that summary judgment in this case is inappropriate as the issue of Equitable’s intent or motivation in initiating the eviction proceedings remains in dispute. The Watskys also contend that Equitable’s motion for summary judgment was premature as discovery was not yet complete.
In support of its motion for summary judgment, Equitable introduced an affidavit of their president and general counsel, Maurice L. Burke, who stated that he prepared and negotiated the Lease Extension and Modification Agreement dated October 26, 1987 on behalf of Equitable and intended that it require that the Watskys pay chilled water charges as they had under the previous lease agreement. He further stated that based on this intent and on his interpretation of the Lease Modification document to include these charges, he authorized on behalf of Equitable, the filing of eviction proceedings against the Wat-skys for failure to submit payment for this service despite amicable demand.
Our review of the record indicates that the reconventional demand filed by the Watskys alleges that Equitable’s attempted wrongful eviction and failure to maintain their peaceable possession caused them damage. Further, in opposition to the motion for summary judgment, the Watskys introduced an affidavit of Herman Watsky who stated that he believed that Equitable was not acting in good faith in failing to interpret Equitable’s lease agreement to exclude the payment of chilled water service.
We conclude that from the pleadings and affidavits filed by both the Watskys and Equitable, there is no genuine issue of material fact to be resolved. The only alleged issue is Equitable’s intent in bringing the eviction proceedings. Mr. Burke stated in affidavit that his interpretation of the lease contract required the payment of said charges. This was deemed to be a reasonable interpretation of the Lease Modification document by one member of the panel in Equitable Life Assuance Society v. Watsky, supra.
The Watskys have failed to present sufficient evidence to rebut the statements in *40 Equitable’s affidavit and make no specific allegations whatsoever which put the issue of Equitable’s intent in dispute. In order to maintain a suit for wrongful eviction or malicious prosecution, there must be a genuine issue of fact as to whether Equitable acted in bad faith and without probable cause in filing the eviction proceedings. The Watskys’ reconventional demand makes no reference to any specific details of malice or wrongful intent on the part of Equitable and the affidavit of Herman Watsky merely makes general allegations that Equitable was not acting in good faith. Such general allegations without support therefor are insufficient to preclude the rendering of summary judgment.
The Watskys also contend that Equitable’s motion for summary judgment was premature as discovery was not complete. However, we find that Equitable’s motion was argued on November 3, 1989, one year and a half after the reconventional demand was filed, giving both parties ample time for discovery. Further, appellant makes no specific reference to any outstanding deposition or to any problem experienced in completing discovery. Under these circumstances, we cannot say that the granting of the motion for summary judgment was in error. See, R & R Enterprises of New Orleans, Inc. v. Rivers and Gulf Marine Surveyors, Inc., 476 So.2d 12 (La.App. 5th Cir.1985).
We have carefully reviewed the record in this matter and conclude that the reasonableness of Equitable’s actions, including whether there was probable cause for their suit for eviction and/or malice in their course of conduct, do not present genuine issues of material fact. As a result, Equitable is entitled to judgment as a matter of law and find therefore that the trial court was correct in granting the motion for summary judgment in Equitable’s favor.
Accordingly, the judgment appealed from is affirmed at appellants’ costs.
AFFIRMED.